Mr. A. Wayne Rich Orlando City Attorney 400 South Orange Avenue Orlando, Florida 32801-3302
Dear Mr. Rich:
On behalf of the City of Orlando, you have requested my opinion on substantially the following questions:
1. Pursuant to section 288.075(2), Florida Statutes, are the development plans, financial records, and financial commitment letters of a private company considering expansion or relocation within the City of Orlando exempt from section 119.07, Florida Statutes, where these records have been transmitted to city staff?
2. Pursuant to section 288.075(2), Florida Statutes, is a draft version of a memorandum of understanding between the City of Orlando and a private company considering expansion or relocation within the City of Orlando exempt from section 119.07, Florida Statutes, where the memorandum contains the development plans, intentions, and financial interests of the company?
According to your letter, a company that is interested in locating its business activities in downtown Orlando and developing a large project in the Orlando downtown area has approached the City of Orlando's Economic Development Department. The City of Orlando owns a portion of the real estate that may be involved in this new development. City officials have also had discussions with the developer about financial incentives that may be offered by the city to make this opportunity in Orlando more attractive to the developer. The developer has made a written request to the city for confidentiality of records pursuant to section 288.075(2), Florida Statutes.
Article I, section 24, Florida Constitution, represents this state's constitutional pronouncement regarding access to public records and meetings in Florida. Chapter 119, Florida Statutes, is the legislative expression of this right. The Constitution provides that:
"(a) Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes the legislative, executive, and judicial branches of government and each agency or department created thereunder; counties, municipalities, and districts; and each constitutional officer, board, and commission, or entity created pursuant to law or this Constitution."
This constitutional provision also recognizes the authority of the Legislature to enact exemptions to these broad open records provisions.[1]
Among the exemptions from Florida's Public Records Law enacted by the Legislature is section 288.075(2), Florida Statutes. The statute provides that:
"Upon written request from a private corporation, partnership, or person, records of an economic development agency which contain or would provide information concerning plans, intentions, or interests of such private corporation, partnership, or person to locate, relocate, or expand any of its business activities in this state are confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution for 24 months after the date an economic development agency receives a request for confidentiality or until disclosed by an economic development agency pursuant to subsection (4) or by the party requesting confidentiality under this section. Confidentiality must be maintained until the expiration of the 24-month period or until documents or information are otherwise disclosed, whichever occurs first.[2] Any confidentiality provided under this section does not apply when any party petitions a court of competent jurisdiction and, in the opinion of the court, proves need for access to such documents. . . ."
An "economic development agency" within the scope of the statute is defined to include "the public economic development agency of a . . . municipality."[3] No distinction is made by the statute between records received by an economic development agency and records generated by such an agency.[4]
In 2001 the Florida Legislature amended this section to broaden the scope of the exemption to include records of a county or a municipal economic development agency.[5] The statement of public necessity for adoption of this exemption by the Legislature is set forth in section 2, Chapter 2001-161, Laws of Florida:
"The Legislature finds that it is a public necessity that the confidentiality provided by section 288.075, Florida Statutes, for information on a business's plans to locate, relocate, or expand its activities in this state be broadened to include records of a county or a municipal economic development agency which contain such information. Many counties and municipalities in this state operate public economic development offices that assist businesses that are considering locating, relocating, or expanding in this state. Confidentiality during the site selection process is extremely important to businesses because, among other reasons, disclosure of information concerning the business's plans could provide competitors in the marketplace with insights into the business's strategies and finances, could cause employees of the business to leave the organization in the face of uncertainty over the business's future, or could cause the business to experience inflated real estate prices as a result of speculation by those hoping to sell property to the business. If county or municipal economic development agencies were unable to provide confidentiality for such information, businesses would be reluctant to consider such communities as potential sites for their job-creating and investment projects, thus depriving those communities of the potential economic benefits associated with such projects. The Legislature also finds that it is a public necessity that . . . the disclosure of information while the business is still considering its site selection options could jeopardize a viable economic development project, as well as injure the business in the marketplace. . . . The harm that would result from the release of sensitive business information or from the impairment of the effective administration of the state and local economic development efforts far outweighs the public benefit derived from release of such information. Furthermore, disclosure of financing records during negotiations between private and public entities would discourage economic development in general, and have a negative impact on increasing the number of high-technology, high-paying jobs in the state."
Subsection (7) of the statute imposes a criminal penalty on any employee of an economic development agency who violates the provisions of the statute by making such a violation a second-degree misdemeanor.
You have asked whether particular documents, i.e., development plans, financial records, financial commitment letters and a draft memorandum of understanding between the developer and the city come within the scope of the exemption in section 288.075(2), Florida Statutes. While this office cannot opine as to whether any document in particular falls within the exception, I must emphasize that exceptions to the Public Records Law are to be narrowly construed (as is the case with exceptions and provisos to statutes in general). When doubt exists as to whether a particular document is exempted from the disclosure requirements of section 119.07(1), Florida Statutes, such doubt should be resolved in favor of disclosure, in keeping with this state's clear and well-established policy of open government.[6]
Section 288.075(2), Florida Statutes, excepts only those records containing the statutorily specified information about prospective businesses or business activities, and then only following receipt of a written request from the affected business entity or persons and for not more than 24 months "from the date an initial inquiry is received." Any public records of the authority otherwise subject to disclosure pursuant to section 119.07(1) must be disclosed, including nonexempt portions of records that are partially subject to the exemption in section 288.075(2). While this office is not authorized to definitively determine whether specific documents come within the scope of section 288.075(2), Florida Statutes, development plans, financial records, financial commitment letters and memoranda of understanding would appear to be "records which contain or would provide information concerning plans, intentions, or interests of such corporation . . . to locate, relocate, or expand any of its business activities in this state . . . ." However, the burden is on the authority, in complying with a written request pursuant to section288.075(2), to carefully and in good faith distinguish between those documents clearly covered by the exemption and those not covered.
In sum, the public has access to the files and records of the City of Orlando's Department of Economic Development pursuant to section 119.07(1), Florida Statutes, except for those records or portions of records clearly falling within the exception to section 119.07(1) Florida Statutes, set forth in section 288.075(2), Florida Statutes. Only those documents or portions thereof covered by the exception in section 288.075(2) are confidential and these are limited to those "records . . . which contain or would provide information concerning plans, intentions, or interests of [a] private corporation, partnership, or person to locate, relocate, or expand any of its business activities in this state." Such records may only be kept confidential following receipt of a written request for confidentiality. Development plans, financial records, financial commitment letters and draft memoranda of understanding between the city and a developer regarding a redevelopment project appear to come within the scope of this exemption. However, such records may not be treated as confidential prior to receipt of a written request for such treatment pursuant to section 288.075(2), Florida Statutes, and I would note that the exemption expressed in section 288.075(2), Florida Statutes, applies only to records and does not constitute an exemption from the provisions of the Government in the Sunshine Law, section 286.011, Florida Statutes.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Article I, s. 24(c), Fla. Const. 
[2] Section 288.075(7), Fla. Stat., imposes a criminal penalty on any employee of an economic development agency who violates the provisions of the statute, making such a violation a second degree misdemeanor.
[3] See s. 288.075(1), Fla. Stat.
[4] Compare, s. 119.07(3)(h), Fla. Stat. ("[a]ll criminal intelligence and criminal investigative information received by a criminal justice agency . . ."); s. 119.07(3)(j), Fla. Stat. ("[a]ny information provided
to an agency . . ."); s. 119.07(3)(m), Fla. Stat. ("[s]ealed bids or proposals received by an agency . . . .") (e.s.)
[5] See Ch. 2001-161, Laws of Florida.
[6] See, e.g., Ops Att'y Gen. Fla. 79-75 (1979), emphasizing the resolution of doubt in favor of disclosure, and 80-78 (1980).